# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10325 | **DATE** | February 5, 2013 |
| **CASE TITLE** | Aaron Stewart (#A-71724) vs. Lisa Madigan, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's complaint is summarily dismissed with prejudice because Plaintiff failed to advise the Court that he had "struck out" pursuant to 28 U.S.C. § 1915(g). The case is terminated. Having brought this action, Plaintiff nevertheless remains obligated to pay the full filing fee. Before pursuing any future litigation, Plaintiff must pay any outstanding fees.

■[**For further details see text below.**]　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　*Pro se* Plaintiff Aaron Stewart, an Illinois Department of Corrections inmate, has brought a civil rights complaint pursuant to 42 U.S.C. § 1983. He alleges he is being incarcerated under a statute that has been declared unconstitutional. Plaintiff filed suit without paying the statutory filing fee or seeking leave to proceed *in forma pauperis*. On December 28, 2012, the Court ordered Plaintiff to pay, or file a properly completed and certified motion to proceed *in forma pauperis* within thirty days. Further review of the docket, and Plaintiff's extensive litigation history, however, mandates dismissal of this suit.

　　Plaintiff's complaint also does not disclose his prior federal litigation as required by the Court's complaint form (Dkt. No. 1 at 3). Instead, he states "unknown forgot" when responding to prior litigation on the complaint form.

　　A nationwide review of PACER shows that Plaintiff has numerous prior cases, and has struck out under the Prison Litigation Reform Act (PLRA). This may explain why he neither has brought an i.f.p. motion, nor disclosed his prior litigation history, 28 U.S.C. 1915(g). His prior civil rights litigation includes: *Stewart v. Gramley*, No. 91 C 20043 (N.D. Ill); *Stewart v. Gramley*, No. 91 C 20039 (N.D. Ill.) (dismissed for failure to state a claim); *Stewart v. Jones*, No. 91 C 1175 (C.D. Ill.), *aff'd* No. 92-03649 (7th Cir. 1992); *Stewart v. Beauford*, No. 92 C 20166 (N.D. Ill.) (dismissed for failure to state a claim); *Stewart v. Smith*, No. 92 C 20373, *aff'd* No. 95-0275 (7th Cir. 1997); *Stewart v. Haws*, No. 93 C 5 (S.D. Ill.); *Stewart v. Haws*, No. 93 C 104 (S.D. Ill.), *aff'd* No. 93-3655 (7th Cir. 1994) (dismissed for failure to state a claim); *Stewart v. Haws*, No. 93 C 130 (S.D. Ill.) (dismissed for failure to state a claim); *Stewart v. Cotton*, No. 93 C 131 (S.D. Ill.) (dismissed for failure to state a claim); *Stewart v. Peters*, No. 93 C 521 (S.D. Ill.) (dismissed as frivolous); *Stewart v. Shroff*, No. 93 C 522 (S.D. Ill.) (dismissed as frivolous); *Stewart v. Sheanan*, No. 97 C 2185 (N.D. Ill.) (dismissed for failure to state a claim); *Stewart v. Edwards*, No. 97 C 2186 (N.D. Ill.); *Stewart v. Shift Commander*, No. 97 C 2468 (N.D. Ill.); *Stewart v. Sheahan*, No. 97 C 2467 (N.D. Ill.); *Stewart v. Devine*, No. 02 C 5816 (N.D. Ill); *Stewart v. Coghlan*, No. 04 C 4435 (N.D. Ill); *Stewart v. Utchman*, No. 06 C 820 (S.D. Ill.); *Stewart v. Pfister*, No. 11 C 2553 (N.D. Ill); *Stewart v. Godinez*, No. 12 C 680 (N.D. Ill.).
**(CONTINUED)**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　AWL

**STATEMENT (continued)**

    The Court has twice previously warned plaintiff that he has struck out under the PLRA. *Stewart v. Pfister*, No. 11 C 2553 (N.D. Ill. May 5, 2011) (Dkt. No. 4); *Stewart v. Godinez*, No. 12 C 680 (N.D. Ill. Feb. 3, 2012) (Dkt. No. 3). The Court explained to Plaintiff that he could not seek i.f.p. status unless the suit involved an imminent danger of serious physical injury, 28 U.S.C. § 1915(g), and otherwise he had to pay the full filing fee to bring a suit. He was further warned pursuant *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999), that he has to pay all outstanding filing fees from prior case before bringing new litigation.

    Plaintiff's actions in this case require immediate dismissal under *Hoskins v. Dart*, 663 F.3d 541 (7th Cir. 2011) (per curiam). *Hoskins* instructs that a district court may require a prisoner to disclose all prior litigation history and the Court may dismiss the case with prejudice when the failure to disclose the history is done with intent to commit a fraud upon the Court. *Hoskins*, 663 F.3d at 543. The Court has the right to make plaintiffs disclose prior litigation history because it must review that history to determine that plaintiff's status under the PLRA.

    Plaintiff failed to disclose any prior history despite his twenty prior cases and the complaint form's section for disclosing this information. He was previously warned by the Court that he had struck out under the PLRA and needed to pay his prior fees. Yet, none of this was disclosed to the Court in the complaint. Plaintiff also failed to pay any past filing fees despite the Court's two prior warnings. And he brought the present case without a filing fee. His attempt to commit fraud upon the Court and ignoring the Court's prior instructions requires immediate dismissal of this case.

*[signature: Marvin E. Aspen]*